**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Finney,<br><br>        Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security,<br><br>        Defendant. | No. CV-99-0793-PHX-PGR<br><br><u>ORDER</u> |

Pending before the Court is Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (doc. #27). Having considered the parties' memoranda, the Court finds that the motion should be granted.

The plaintiff was successfully represented in this Social Security appeal by Stephanie Lake, Esq. through a contingency fee contract that entitled Ms. Lake to an attorney fee award of 25% of the past-due benefits obtained by the plaintiff. As a result of this Court's entry of summary judgment in the plaintiff's favor, the Social Security Administration awarded the plaintiff past-due Title II benefits in the amount of $70,316.50. Pursuant to the parties' stipulation, the Court subsequently awarded Ms. Lake $2,700.00 in attorney fees pursuant to the Equal

Access to Justice Act.  Ms. Lake now seeks a total award of $9,079.13 in fees pursuant to 42 U.S.C. § 406(b).

Attorney fees for the successful representation of a Social Security claimant at the judicial review stage are governed by 42 U.S.C. § 406(b), which provides for the award of a reasonable fee not to exceed 25% of the past-due benefits obtained by the claimant as a result of the representation.  The Supreme Court has held that the lodestar approach to calculating a reasonable attorney fee is inappropriate for evaluating a contingent-fee agreement under § 406(b). Gisbrecht v. Barnhart, 535 U.S. 789,122 S.Ct. 1817 (2002).  It has instead determined that § 406(b), rather than displacing contingent-fee agreements within the statutory ceiling, instructs courts to review for reasonableness fees yielded by those agreements. Id., at 808-09, 122 S.Ct. at 1829.  While an attorney for a successful claimant may receive payment of fees under both EAJA and § 406(b), the attorney must refund to the claimant the smaller of the two awards.  Id., at 796, 122 S.Ct. at 1822.

Having reviewed the record, the Court finds that the $ 9,079.13 requested by Ms. Lake is reasonable given that the requested amount is within the statutory ceiling inasmuch as it amounts to a fee award of approximately 13% of the past-due benefits the plaintiff received, and that the requested amount is reasonable given the contingent character of Ms. Lakes' representation, the complexity of the case, and the results achieved.[1]  Therefore,

---

[1]  Because the Supreme Court has instructed that it is the overall reasonableness of the requested amount in light of the contingent fee contract that the Court must consider, not the lodestar calculation, the Court rejects the defendant's contention that the requested amount should be reduced by some unstated "moderate amount" because Ms. Lake is in effect seeking

1   IT IS ORDERED that Plaintiff's Attorney's Motion for an Award of Attorney
2   Fees Under 42 U.S.C. § 406(b) (doc. #27) is granted and that the plaintiff's
3   counsel, Stephanie Lake, is awarded the sum of $ 9,079.12 in attorney fees
4   pursuant to 42 U.S.C. § 406(b), to be paid out of the sums withheld by the
5   defendant from the plaintiff's past-due benefits.
6   IT IS FURTHER ORDERED that Ms. Lake, upon receipt of her attorney fee
7   paid pursuant to 42 U.S.C. § 406(b), shall immediately refund to the plaintiff the
8   $ 2,700.00 that Ms. Lake received as an attorney fee pursuant to the Equal
9   Access to Justice Act.
10  DATED this 12th day of September, 2006.

Paul G. Rosenblatt
United States District Judge

---

25  a "windfall" hourly rate of approximately $436.50.

- 3 -